UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

DONALD J. BLEVINS,
    Plaintiff,

v.     :     CA 05-125 M

LINDA S. MCMAHON,[1]
Commissioner,
Social Security Administration,
    Defendant.

**MEMORANDUM AND ORDER**

This matter is before the Court on the request of Plaintiff Donald J. Blevins ("Plaintiff") for judicial review of the decision of the Commissioner of Social Security ("the Commissioner"), denying Plaintiff's application for Supplemental Security Income ("SSI") under §§ 205(g) and 1631(c)(3) of the Social Security Act, as amended, 42 U.S.C. §§ 405(g) and 1383(c)(3) ("the Act"). Defendant Linda S. McMahon ("Defendant") has filed a motion under sentence four of 42 U.S.C. § 405(g) for remand of the matter to the Commissioner.

---

[1] On January 20, 2007, Linda S. McMahon became the Acting Commissioner of Social Security. See Defendant's Assented to Motion for Entry of Judgment under Sentence Four of 42 U.S.C. § 405(g) with Reversal and Remand of the Cause to the Defendant ("Motion to Remand") (Document ("Doc.") #14) at 1 n.1. Pursuant to Fed. R. Civ. P. 25(d)(1), Acting Commissioner McMahon is hereby substituted for Joanne B. Barnhart as Defendant in this action. See Fed. R. Civ. P. 25(d)(1) ("When a public officer is a party to an action in his official capacity and during its pendency dies, resigns, or otherwise ceases to hold office, the action does not abate and the officer's successor is automatically substituted as a party. Proceedings following the substitution shall be in the name of the substituted party ...."); see also 42 U.S.C. § 405(g) ("Any action instituted in accordance with this subsection shall survive notwithstanding any change in the person occupying the office of Commissioner of Social Security or any vacancy in such office.").

With the consent of the parties, the matter has been referred to a magistrate judge for all further proceedings and the entry of judgment pursuant to 28 U.S.C. § 636(c). The Court has determined that no hearing is necessary. For the reasons stated herein, I find that the matter should be remanded for further administrative proceedings. Accordingly, I order that Defendant's Assented to Motion for Entry of Judgment under Sentence Four[2] of 42 U.S.C. § 405(g) with Reversal and Remand of the Cause to the Defendant (Document ("Doc.") #14) ("Motion to Remand") be granted, that judgment be entered in Plaintiff's favor, and that the matter be remanded to the Commissioner for further administrative proceedings in accordance with this Memorandum and Order.

### Facts[3] and Travel

Plaintiff is a forty-seven year old man who states that he is unable to maintain substantial gainful employment as a result of medical and/or psychiatric impairments. Complaint (Doc. #1) ¶ 8. He applied for SSI, alleging disability due to chronic pancreatitis, hepatitis C, a back impairment, anxiety, panic disorder, and depression. Id. ¶¶ 3, 9. His application was denied initially and on reconsideration, and Plaintiff timely

---

[2] Sentence four of § 205(g) of the Social Security Act, 42 U.S.C. § 405(g), provides that "[t]he court shall have power to enter, **upon the pleadings and transcript of the record,** a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g) (bold added). Here, Defendant has not filed an Answer, along with the administrative record, to Plaintiff's Complaint. Accordingly, the Court treats the Motion ro Remand as one submitted pursuant to sentence six of 42 U.S.C. § 405(g). See id. ("The court may, on motion of the Commissioner of Social Security made for good cause shown **before the Commissioner files the Commissioner's answer,** remand the case to the Commissioner of Social Security for further action by the Commissioner of Social Security ....")(bold added).

[3] The facts are taken from the Complaint (Doc. #1).

2

filed a request for review by an administrative law judge ("ALJ"). Complaint ¶ 3. After a hearing, at which Plaintiff appeared, the ALJ issued a decision on May 7, 2004, denying Plaintiff's claim. Id. ¶¶ 4-5. Plaintiff timely requested review by the Appeals Council, which on January 21, 2005, declined Plaintiff's request, thereby rendering the ALJ's decision the final decision of the Commissioner. Id. ¶ 6.

Plaintiff filed a Complaint in this Court on March 25, 2005. See Docket. On October 2, 2006, Plaintiff filed a Motion to Extend Time for Service (Doc. #6) ("Motion to Extend"). See id. This Magistrate Judge conducted a hearing on the Motion to Extend on November 9, 2006. See id. After Defendant withdrew her opposition to the Motion to Extend, see Defendant's Response to Plaintiff's Motion to Extend Time (Doc. #8), the Motion to Extend was granted, see Order Granting Motion to Extend Time (Doc. #9). Thereafter, on January 29, 2007, Defendant filed the instant Motion to Remand (Doc. #14). See Docket.

**Discussion**

According to sentence six[4] of section 205(g) of the Act, "[t]he court may, on motion of the Commissioner of Social Security made for good cause shown before the Commissioner files the Commissioner's answer, remand the case to the Commissioner of Social Security for further action by the Commissioner of Social Security ...." 42 U.S.C. § 405(g). According to Defendant, "[f]ollowing consideration by the Appeals Council, Defendant has determined that remand would be appropriate. The [ALJ] did not adequately assess Plaintiff's credibility or consider certain medical source opinion evidence." Memorandum of Law in Support of Defendant's Assented to Motion for Entry of Judgment under Sentence Four of 42 U.S.C. ¶ 405(g) with Reversal and Remand of

---

[4] See n.2.

3

the Cause to the Defendant ("Defendant's Mem.") at 2.  Defendant states that Plaintiff's counsel has been contacted and assents to remand.  See id.  The Court agrees that remand is warranted.

On remand, the Commissioner shall direct an ALJ to: 1) consider evidence of a subsequent determination that Plaintiff is disabled pursuant to HALLEX I-5-3-17; 2) give further consideration to Plaintiff's subjective complaints pursuant to Avery v. Secretary of Health & Human Services, 797 F.2d 19 (1st Cir. 1986), and Social Security Ruling 96-7p; 3) consider all medical source opinions, including Dr. Mis' opinion that Plaintiff is unable to maintain steady employment; 4) reassess Plaintiff's residual functional capacity, including whether Plaintiff is able to work on a regular and continuing basis; and 5) proceed through the sequential evaluation process, obtaining vocational expert testimony at a further hearing if necessary. See Defendant's Mem. at 2.

## Conclusion

Defendant's Motion to Remand is hereby granted.  Judgment shall be entered in Plaintiff's favor and the matter remanded to the Commissioner for further administrative proceedings as outlined above.

So ordered.

ENTER:

*David L. Martin*
David L. Martin
United States Magistrate Judge
January 30, 2007

BY ORDER:

*[signature]*
Deputy Clerk